UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X
ALIX L. JOSEPH,                          :

       Plaintiff,                       :

  -against-                              :

                             13-cv-02961 (NGG)(CLP)

BETH ISRAEL MEDICAL CENTER,              :

       Defendant.                       :

                                     :
---------------------------------------- X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Served by mail on August 23, 2013

EDWARDS WILDMAN PALMER LLP
David R. Marshall
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii
PRELIMINARY STATEMENT .................................................................................................. 1
ARGUMENT ................................................................................................................................ 2
    PLAINTIFF CANNOT MEET THE STANDARDS FOR INVOKING
    EQUITABLE TOLLING TO EXCUSE THE UNTIMELY FILING OF HIS
    COMPLAINTS .................................................................................................................. 2
        A.    Applicable Principles ............................................................................................. 2
        B.    Plaintiff Has Not Met The Standards For Equitable Tolling ................................. 3
CONCLUSION ............................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Antonmarchi v. Consol. Edison Co. of N.Y.*,
    514 Fed. Appx. 33 (2d Cir. 2013) ..................................................................................2

*Arena v. Plandome Taxi, Inc.*,
    No. CV-12-1078, 2013 U.S. Dist. LEXIS 58169 (E.D.N.Y. April 23, 2013) ...............3

*Cordone v. Wilens & Baker, P.C.*,
    286 A.D.2d 597 (1st Dep't 2001) ..................................................................................3

*Finch v. NYC Transit Auth.*,
    No. 09-CV-5371, 2011 WL 270830 (E.D.N.Y. July 8, 2011) ..............................2, 3, 6

*Jones v. Long Island R.R. Co.*,
    No. 96-CV-0433, 1998 WL 221365 (E.D.N.Y. May 1, 1993) ......................................2

*Mazurkiewicz v. N.Y.C. Health and Hosps. Corp.*,
    356 Fed. Appx. 521 (2d Cir. 2009) ...............................................................................2

*Miller v. Int'l Tel. & Tel. Corp.*,
    755 F.2d 20 (2d. Cir. 1985) ......................................................................................2, 3

*Pearl v. City of Long Beach*,
    296 F.3d 76 (2d Cir. 2002) ............................................................................................3

*Zerilli-Edelglass v. NYC Transit Auth.*,
    333 F.3d 74 (2d Cir. 2003) ..................................................................................2, 3, 5

## PRELIMINARY STATEMENT

In response to the showing by Beth Israel Medical Center ("BIMC" or the "Hospital") in its motion to dismiss the complaint that Plaintiff's federal and state causes of action for discriminatory discharge are time-barred, Plaintiff does not dispute that he filed his complaint with the Equal Employment Opportunity Commission ("EEOC") and this Court long after the applicable limitations periods had expired. Instead, Plaintiff argues that his untimely filings should be excused by the doctrine of "Equitable Tolling" (Opp., ¶8).[1] Plaintiff contends that equitable tolling principles should be applied to this case because he "was lacking information about important facts and the BIMC discrimination action was concealed" (Opp., ¶8). Plaintiff asserts that the purported concealment that justifies his request for equitable tolling is a failure on the part of the Hospital (and Plaintiff's Union) to respond to his requests for a copy of any agreement between the Hospital and the Union that required respiratory therapists, like Plaintiff, to upgrade their certification by The National Board for Respiratory Care or to transfer to an available job that did not require a higher level of Board certification (Opp., ¶5).

Equitable tolling does not apply to this case and cannot excuse Plaintiff's untimely filing of his claims. First, Plaintiff does not show that his inability to obtain a copy of a written agreement (assuming any such writing exists) regarding the upgrading requirement "prevented" him in "some extraordinary way" from filing his discrimination complaint with the EEOC or this Court. Second, Plaintiff does not show that BIMC actively engaged in "misleading conduct" which caused Plaintiff to be unaware of his cause of action or to sleep on his right to pursue it. Finally, Plaintiff has not shown that he "acted with reasonable diligence" to pursue his claims

---

[1] References to "Opp." are to the nine numbered paragraphs contained in Plaintiff's Brief Opposing The Defendant's Motion To Dismiss The Complaint and the eight pages of documents attached thereto. References to "MTD" are to "Memorandum of Law In Support of Defendant's Motion To Dismiss The Complaint.

during the period of time that he seeks to have the limitations periods tolled. *Finch v. N.Y.C. Transit Auth.*, No. 09-CV-5371, 2011 WL 2708308, at *3 (E.D.N.Y. July 8, 2011). Plaintiff's inability to meet each and every one of those tests for equitable tolling requires the denial of his request that this Court exercise its equitable discretion to excuse Plaintiff's delay of more than five years in filing his complaint. Because Plaintiff's claims are inexcusably late, his complaint should be dismissed on the grounds set forth in BIMC's MTD.

## ARGUMENT

### PLAINTIFF CANNOT MEET THE STANDARDS FOR INVOKING EQUITABLE TOLLING TO EXCUSE THE UNTIMELY FILING OF HIS COMPLAINTS

**A.     Applicable Principles**

The Second Circuit has consistently held that "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations, alterations, and citations omitted). Accord: *Antonmarchi v. Consol. Edison Co. of N.Y.*, 514 Fed. Appx. 33, 36-37 (2d Cir. 2013); *Mazurkiewicz v. N.Y.C. Health and Hosps. Corp.*, 356 Fed. Appx. 521, 522 (2d Cir. 2009). A limitations period will "not be tolled or delayed pending the employee's realization that the conduct was discriminatory" (*Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d. Cir. 1985)) or because the employee "discovered the allegedly discriminatory motive for the employer's act years later, based upon the employer's treatment of other employees." *Jones v. Long Island R.R. Co.*, No. 96-CV-0433, 1998 WL 221365, at *3 (E.D.N.Y. May 1, 1998). Likewise, an employee's "ignorance of the law is not sufficient to justify equitable tolling." *Antonmarchi*, 2013 U.S. App. LEXIS 5164, at *8. If tolling is invoked on the grounds of employer misconduct, the employee must show that he "was actively misled by his employer" in a way that "made it impossible for a reasonably prudent

2

person to learn that his discharge was discriminatory." *Miller*, 755 F.2d at 24. For example, where an employee "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," equitable tolling principles would apply. *Arena v. Plandome Taxi, Inc.*, No. CV-12-1078, 2013 U.S. Dist. LEXIS 58169, at *3 (E.D.N.Y. April 23, 2013)(internal quotations and citations omitted). They would not apply, however, where an employee waited beyond the filing deadline for a response to his request for information or assistance relating to his filing of a discrimination claim. *Finch*, 2011 WL 2708308, at *1-3.

It is also well-settled that in addition to showing extraordinary circumstances that prevented the filing of a timely claim, the employee seeking equitable tolling must also show that she "acted with reasonable diligence during the time period she seeks to have tolled." *Zerilli-Edelglass*, 333 F.3d at 80. Where the employee does not show that he "actively pursued judicial remedies" during the period of time at issue, his request for equitable tolling will be denied. *Finch*, 2011 WL 2708308, at *3. [2]

### B. Plaintiff Has Not Met The Standards For Equitable Tolling

Although Plaintiff sets forth in his brief several criticisms of the fairness of the Hospital's decision to require Board registration for respiratory therapists and the manner in which the Hospital and the Union announced and implemented that decision, those criticisms are irrelevant to the issue of equitable tolling because they do not show that Plaintiff was prevented from filing timely complaints with the EEOC and this Court. Instead, those criticisms go to the merits of the Plaintiff's discrimination claims and would be relevant only if this Court were to excuse the

---

[2] With respect to state law claims and limitations periods, state courts apply principles of equitable estoppel that are similar to federal tolling principles, although they are "'less liberal' for plaintiffs than those under federal law." *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002). *See, e.g., Cordone v. Wilens & Baker, P.C.*, 286 A.D.2d 597, 598 (1st Dep't 2001)(statute of limitations under state human rights law not tolled "because there is no evidence that the firm actively misled plaintiff about her status or that it restricted her in some extraordinary way from exercising her rights to allege discrimination").

3

untimely filing of Plaintiff's complaints.[3] There are two assertions in Plaintiff's opposition brief that might reasonably be construed as relating to Plaintiff's request for equitable tolling: (1) Plaintiff has never seen a written agreement between BIMC and his Union requiring respiratory therapists to upgrade their Board certification, despite repeatedly asking the Hospital and the Union for any such agreement, both before and after his discharge (Opp., ¶¶5, 8); and (2) copies of the collective bargaining agreements between the Hospital and the Union, which Plaintiff obtained from the government in June 2011 after the Hospital and the Union allegedly failed to comply with Plaintiff's requests for them, do not require Board registration for respiratory therapists (Opp., ¶¶7, 8). Neither of those assertions, however, meets the standards for equitable tolling.

First, it is clear from the fact that Plaintiff filed the instant complaint with this Court, without having seen any written agreement requiring respiratory therapists to become Board registered, that the Plaintiff was not prevented from filing a timely EEOC charge or civil suit because he was not given a copy of any such agreement. Indeed, Plaintiff admits that he asked the Hospital for a copy of any written agreement requiring that he become registered in April 2006 – two months before his discharge – and never got one (Opp., ¶5). Thus, at the time Plaintiff was discharged in June 2006, he knew all of the facts he now knows today, namely, that the Hospital and the Union maintain that they had agreed to require staff therapists to upgrade to

---

[3] Among the criticisms that relate to the merits of Plaintiff's discrimination claim, not his request for tolling, are his assertion that "a few months" notice of the "grace period" for incumbents to upgrade was insufficient (Opp., ¶1), that Board registration was not required by the Hospital when Plaintiff was originally hired or by any "memorandum" from the New York Health Department or college of physicians and surgeons (Opp., ¶2), that non-registered therapists are common-place in New York hospitals, receive extensive medical training, and have not been shown to have harmed patients (Opp., ¶4), that the agreement between the Hospital and Union to require therapists to be Board registered was "unfair and arbitrary" (Opp., ¶4), and that the Court should be given copies of the registrations of therapists who were hired or kept on staff since Plaintiff's discharge (Opp., ¶6).

4

Board-registered status, that the Hospital was going to transfer him out of his job as a therapist because he was not registered, and the Hospital (and the Union) had not responded to his request for a copy of a written agreement requiring him to become registered. Because Plaintiff was able to file the instant complaint of discrimination based on his knowledge of those facts, it is obvious that he could have filed a complaint of discrimination based on his awareness of those same facts before the Title VII statute of limitations expired in 2007. Any failure on the part of the Hospital to locate a writing memorializing the agreement with the Union to require therapists to become registered, or to respond to Plaintiff's requests for such a writing, does not constitute the "extraordinary" circumstance required to justify tolling the 300-day limitations period under Title VII of the Civil Rights Act or the three-year limitations period under the New York State Human Rights Law. *Zerilli-Edelglass,* 333 F.3d at 80. Likewise, the fact that the collective bargaining agreements Plaintiff obtained in 2011 do not memorialize the Hospital's agreement with the Union concerning the registration requirement is not proof that Plaintiff was prevented by the Hospital from filing timely complaints. Those collective bargaining agreements simply confirm what Plaintiff already understood at the time of his discharge – that no written agreement between the Hospital and the Union had been provided to him that set forth the requirement that incumbent therapists upgrade their credentials. Plaintiff's inability to obtain those collective bargaining agreements from the Hospital or the Union is not an "extraordinary" circumstance that justifies equitable tolling in this case. *Id.* at 80.

Second, Plaintiff's allegations regarding the Hospital's purported failure to provide him with the collective bargaining agreements or a written agreement requiring therapists to become registered (assuming *arguendo* that Plaintiff directed such requests to the Hospital and the Hospital failed to respond) are not sufficient to show that the Hospital actively engaged in

5

"misleading conduct" that caused Plaintiff to be unaware of his claim or to sleep on his right to file a complaint. *Finch*, 2011 WL 2708308, at *3. Plaintiff does not allege that the Hospital promised to provide these documents at a later date and that he delayed filing a complaint in reliance on such a promise. Nor does Plaintiff allege that the Hospital asked him not to file a complaint while it attempted to locate those documents. Indeed, Plaintiff does not allege that the Hospital ever told him that the agreement with the Union to require therapists to become registered was one that had been put in writing or inserted in the parties' collective bargaining agreement. Thus, there is nothing about the Plaintiff's alleged request and the Hospital's alleged failure to respond to it that misled Plaintiff about his potential for a discrimination claim or his right to file a complaint. On the contrary, it is more reasonable to conclude that any failure to provide those documents to Plaintiff before his discharge would have aggravated the feelings of unfairness he claims he already felt at the time of his discharge and induced him to promptly file a complaint. Plainly, Plaintiff's failure to timely file a complaint cannot be excused on the grounds that he was misled by the Hospital on any fact or at any point.[4]

Finally, Plaintiff does not show, or even attempt to show, that he "acted with reasonable diligence" to pursue his discrimination claim during the five-year period that he seeks to have this Court toll the statute of limitations on his Title VII claim. *Finch*, 2011 WL 2708308, at *3. Plaintiff's opposition papers do not describe any post-discharge pursuit of his wrongful discharge

---

[4] Although Plaintiff refers in his opposition papers to the registration certificates of other therapists, including Maureen Buckley (Opp., ¶6), he does not allege that he ever asked the Hospital for their registration certificates or was misled by the Hospital about whether it retained other therapists who had not become Board-registered in a timely fashion. To the extent that Plaintiff believes that Buckley was retained as a therapist without becoming registered, it is clear from his papers that he had the June 2006 work schedule (dated 5/22/2006) upon which he bases this belief before he was discharged (Opp., p. 8). Thus, Plaintiff was neither misled by BIMC about Buckley's registration nor unaware at discharge of the facts upon which he bases his belief about the more favorable treatment allegedly given to Buckley.

6

claims, with the possible exception of the assertion that he obtained from the National Labor Relations Board ("NLRB") copies of three collective bargaining agreements between the Hospital and the Union (Opp., ¶7). Plaintiff does not, for example, allege that he communicated with the EEOC, the New York State Division of Human Rights, or the New York City Commission on Human Rights about filing a discrimination claim. This omission is especially telling in light of Plaintiff's ability to locate and communicate with the NLRB to obtain copies of collective bargaining agreements. As for the allegation about the NLRB, Plaintiff does not explain what he was doing while communicating with that agency to pursue his race discrimination claim (which falls outside the NLRB's jurisdiction) during the five years that elapsed between his discharge and his receipt of the bargaining agreements. Indeed, Plaintiff does not allege that he had any communication with anyone during this period about pursuing a discrimination claim – not a government agency, not a private lawyer, not his Union, and not the Hospital. Because Plaintiff offers no evidence that he acted with reasonable diligence to pursue his discrimination claim during the period for which he seeks tolling, his tolling request must be denied.[5]

---

[5] Plaintiff attaches to his opposition papers a copy of a certificate from the National Board of Respiratory Care showing that he finally became registered in October 2008, almost two years after his discharge (Opp., p. 4). The time it took Plaintiff to prepare for and pass the registration exam is not, however, a basis for tolling the applicable limitations periods on his discrimination claims.

7

## **CONCLUSION**

For the foregoing reasons, BIMC requests that its motion to dismiss the complaint with prejudice be granted in its entirety.

Dated: August 23, 2013
      New York, New York

EDWARDS WILDMAN PALMER LLP

By: *[signature]*
David Marshall

EDWARDS WILDMAN PALMER LLP
David R. Marshall
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X
ALIX L. JOSEPH,                          :

        Plaintiff,                      :

   -against-                            :           13-cv-02961 (NGG)(CLP)

BETH ISRAEL MEDICAL CENTER,              :           **AFFIDAVIT OF SERVICE**

        Defendant.                      :

                                            :
---------------------------------------- X
STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF NEW YORK  )

Madeline M. Ranum, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 23rd day of August, 2013, she caused true and correct copies of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT to be served upon:

                        ALIX L. JOSEPH
                        Plaintiff, Pro Se
                 354 East 31 Street, Apt. #7
                 Brooklyn, New York 11226
                        718.469.2686

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                                                 _/s/ Madeline Ranum_
                                                                  Madeline M. Ranum

Sworn to before me this
23rd day of August, 2013

_/s/ Julie Sauer_
Notary Public

                    **JULIE L. SAUER**
              **Notary Public, State of New York**
                     **No. 02SA6233540**
                **Qualified in New York County**
       **Commission Expires December 27, 20__14__**