UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALIX L. JOSEPH,

               Plaintiff,

             -against-

BETH ISRAEL MEDICAL CENTER

             Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-02961 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is pro se Plaintiff Alix L. Joseph's "Affirmation" to revisit the court's prior decision dismissing his claims, which the court construes to be a motion for relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3. (July 28, 2014, Affirmation ("Pl. Br.") (Dkt. 23).) Also before the court are Plaintiff's motion to appoint counsel (Aug. 26, 2014, App. for the Court to Request Counsel (Dkt. 30)) and Plaintiff's motion seeking leave to proceed in forma pauperis ("IFP") (Aug. 26, 2014, Request to Proceed IFP in Supp. of the App. for the Court to Request Counsel (Dkt. 31)). For the reasons explained below, Plaintiff's motions are each DENIED.

## I. BACKGROUND

Familiarity with the underlying facts of the case is presumed. Plaintiff brought an action against Defendant Beth Israel Medical Center, seeking reinstatement to his former position of employment, back pay and lost wages, and compensation for pain and suffering as a result of Defendant's alleged violation of Title VII of the Civil Rights Act of 1964 and N.Y. Exec. Law Art. 15 ("NYSHRL"). (See Decl. of David R. Marshall in Supp. of Mot. to Dismiss the Compl.,

1

Ex. A (Dkt. 8) ¶¶ 12, 14.)[1] On January 16, 2014, the court granted Defendant's motion to dismiss, holding that Plaintiff's claims are time-barred. (Mem. & Order ("Order") (Dkt. 16).) On January 17, 2014, the Clerk of Court entered judgment in favor of Defendant. (Clerk's J. ("Judgment") (Dkt. 17).)

In the Order dismissing the claims, the court held that Plaintiff was required to file a charge of discrimination with the EEOC on or before March 31, 2007, but that Plaintiff did not file such a charge until March 28, 2012, nearly five years after the deadline. (Order at 9.) Moreover, the court held that the doctrine of equitable tolling did not rescue Plaintiff's Title VII claim, as Plaintiff failed to act with reasonable diligence, and could have timely filed an EEOC charge or civil suit before March 31, 2007. (Id. at 9-13.) With respect to Plaintiff's NYSHRL claim, the court held that the three-year statute of limitations expired on June 5, 2009, more than three years before Plaintiff filed a civil suit in state court. (Id. at 14.) Moreover, because Plaintiff failed to allege any sort of continuing violation by Defendant, the NYSHRL claim was not subject to equitable tolling. (Id.)

On July 28, 2014, Plaintiff filed the instant motion for reconsideration, and on August 26, 2014, also filed a motion to appoint counsel and a motion seeking leave to proceed IFP.

## II. LEGAL STANDARD

### A. Liberal Construction of Pro se Litigant's Submissions

In considering the motions, the court notes that because Plaintiff is proceeding pro se, the court is "obliged to construe [his] pleadings and papers liberally." LaBounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991). A pro se litigant's submissions are to be interpreted "to raise the

---

[1] Plaintiff originally filed this action in state court, but Defendant removed the action on the grounds of federal question jurisdiction and supplemental jurisdiction. The Complaint is included as an exhibit to a declaration filed in support of Defendant's motion to dismiss, as well as in the removal notice. In considering Defendant's motion to dismiss, the court also assumed the truth of additional allegations contained in Plaintiff's Brief Opposing the Defendant's Motion to Dismiss the Complaint (Dkt. 13). (See Jan. 16, 2014, Mem. & Order (Dkt. 16) at 1.)

strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Still, Plaintiff's pro se status does not insulate him from complying with relevant procedural rules. Gibson v. Wise, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004).

### B. Motion for Relief Pursuant to Rules 59(e) and 60(b)

Whether filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, a motion to reopen or for reconsideration is not granted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration [under Rule 59(e)] may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority." Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007). Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

Courts narrowly construe and strictly apply these rules "to dissuade repetitive arguments on issues that have been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985). "A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion. Nor is it a chance for a party to take a second bite at the apple." WestLB AG v. BAC Fla. Bank, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). "Rule 60(b) provides a

3

mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009).

Rule 59(e) requires a party seeking reconsideration after trial to file a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion for relief from a final judgment brought under Rule 60(b) "must be made within a reasonable time," and if brought on the basis of mistake, newly discovered evidence, or fraud, must be brought within one year of entry of the judgment. See Fed. R. Civ. P. 60(b)-(c). In addition, the Local Civil Rules of the court provide that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." E.D.N.Y. Loc. Civ. R. 6.3.

## III. DISCUSSION

### A. Rule 59(e)

Ordinarily, "[a] party's failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion." Davis v. U.S. Dep't of Homeland Sec., No. 11-CV-203 (ARS) (VMS), 2013 WL 6145749, at *1 (E.D.N.Y. Nov. 20, 2013) (internal quotation marks and citation omitted). The Order and Judgment of this court for which the Plaintiff seeks reconsideration were entered on January 17, 2014. Plaintiff's motion was docketed on July 28, 2014, more than 5 months after the court's decision, and well over the 28 days provided by Rule 59(e).

Plaintiff argues, however, that he did not receive proper notice by mail of either the Order or the Judgment. (See Pl. Reply Br. in Supp. of Mot. ("Reply") (Dkt. 32) at 2.) Indeed, the Clerk of Court's docket sheet shows that the Judgment and the Order were each returned to the

court as undeliverable (see Jan. 23, 2014, ECF Entry; Jan. 29, 2014, ECF Entry), and it is not clear from the docket sheet when Plaintiff in fact received notice of either the Order or the Judgment.[2]

In any event, even if the lack of notice tolled Plaintiff's time to file a motion for reconsideration under Rule 59(e), the motion nevertheless fails on the merits. In his motion for reconsideration and in his reply, Plaintiff merely repeats the same legal arguments he made in opposition to Defendant's motion to dismiss. Plaintiff does not identify any controlling law that the court overlooked in reaching its decision that the claims are time-barred.

In addition, although Plaintiff now points to a June 8, 2007, meeting with a private lawyer (see Pl. Br. at 1; Reply at 3), such a meeting was not referenced in Plaintiff's Complaint or opposition papers, although Plaintiff could have included it. Thus, the alleged June 2007, meeting with a private lawyer was not a fact before the court that it overlooked in reaching its decision. See Rollins, 2007 WL 539158, at *2. But even if the court were permitted to consider this single, newly disclosed fact, it would not alter the court's determination that Plaintiff failed to allege that he acted with the reasonable diligence necessary to toll his Title VII claim for the entire period of time between the expiration of the statute of limitations in 2007, and the filing of the Complaint in state court in November 2012. (See Order at 10-14.) Plaintiff's single meeting with an attorney five years before filing the EEOC charge and civil action (and for purposes of

---

[2] "An untimely motion for reconsideration is treated as a Rule 60(b) motion." Manney v. Intergroove Tontrager Vertriebs GMBH, No. 10-cv-4493 (SJF) (WDW), 2012 WL 4483092, at *1 n.2 (E.D.N.Y. Sept. 28, 2012) (quoting Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010)). Thus, to the extent Plaintiff's Rule 59(e) motion is untimely, the court analyzes it under Rule 60(b). See infra.

5

this motion the court assumes Plaintiff's allegation is true) does not constitute reasonable diligence.[3]

**B.     Rule 60(b)**

Plaintiff has not identified the specific basis for his Rule 60(b) motion. The court construes Plaintiff's motion to seek relief under as one brought under Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect); Rule 60(b)(2) (newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)); or Rule 60(b)(6) (any other reason justifying relief from the operation of the judgment).[4]

The court finds that Plaintiff has not met the demanding standard for reconsideration under Rule 60(b). Again, Plaintiff generally re-asserts the same legal and factual arguments he previously made. With respect to Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), a motion seeking relief generally is deemed untimely if made after the deadline for filing a notice of appeal. See Niederland v. Chase, 425 F. App'x 10, 12 (2d Cir. 2011) (summary order). Considering the issues discussed above regarding Plaintiff's delayed receipt of the Order and Judgment, the court also finds that even if the Rule 60(b)(1) motion was filed within a reasonable time, Plaintiff has failed to demonstrate that the court made any mistake in reaching its decision. The court notes, as well, that Plaintiff cannot "rely upon [his] pro se status, or lack of legal sophistication as a basis for relief under Rule 60(b)(1)." Manney, 2012 WL 4483092, at *3.

---

[3] To the extent Local Civil Rule 6.3 provides an independent basis to seek reconsideration here, "[m]otions under Rule 59(e) and Local Rule 6.3 are assessed under the same standard." Kudlek v. Sunoco, Inc., 610 F. Supp. 2d 218, 220 (E.D.N.Y. 2009).

[4] The other bases for Rule 60(b) relief—fraud, that the judgment is void, or that the judgment has been satisfied, released, or discharged—do not apply here. See Fed. R. Civ. P. 60(b)(3)-(5).

6

With respect to Rule 60(b)(2) (newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)), Plaintiff has failed to make a sufficient showing. The only new evidence that Plaintiff cites—the June 2007, meeting with a private lawyer—is not "new," as Plaintiff certainly was aware of the meeting when he filed the Complaint in 2012. In any event, as discussed above, even if this "new" allegation is true, it does not change the court's determination that Plaintiff failed to allege facts that would toll the statute of limitations. See Martinez v. United States, 224 F. App'x 86, 87 (2d Cir. 2007) (summary order) (affirming denial of Rule 60(b)(2) motion where the alleged new evidence "provided no insight into why [Plaintiff] failed to file his original complaint within the applicable statute of limitations").

Finally, with respect to Rule 60(b)(6) (any other reason justifying relief from the operation of the judgment), Plaintiff has failed to identify any "extraordinary circumstances" that would entitle him to relief. See Nemaizer v. Baker, 793 F.3d 58, 63 (2d Cir. 1986) (interpreting Rule 60(b)(6) to require a showing of "extraordinary circumstances"). Here, Plaintiff simply repeats his prior arguments. And again, Plaintiff's failure to disclose in the Complaint his June 2007, meeting with a private attorney does not qualify him for Rule 60(b)(6) relief.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED.[5]

SO ORDERED.

Dated: Brooklyn, New York
February 26, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[5] Defendant previously paid the court's $400 filing fee upon removing the case to federal court. (See May 20, 2013 ECF Entry (noting filing fee paid and receipt number).) Therefore, Plaintiff's motion for leave to proceed IFP is DENIED as moot. Plaintiff's motion to appoint counsel is also DENIED. There is no right to counsel in a civil case. Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984). However, pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." In making this type of request, however, the court must first consider whether the indigent plaintiff's position is "likely to be of substance." Ferelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003). If the claim asserted meets this threshold requirement, the court should then consider secondary criteria, including the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); see also Ferelli, 323 F.3d at 203-06. In light of the court's prior Order dismissing the case, and having reviewed Plaintiff's motion for reconsideration, the court finds that Plaintiff has not met the threshold requirement that his claim is "likely to be of substance."

8